UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
DOROTHEA B. PRAY,

               Plaintiff,

    -against-

LONG ISLAND BONE & JOINT, LLP,

               Defendant.
-------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:**

Jury Trial Demanded

DOROTHEA B. PRAY ("Plaintiff"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against LONG ISLAND BONE & JOINT, LLP ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.    This is a civil action based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to her by: (i) the anti-gender discrimination and sexual harassment provisions of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"); (ii) the anti-gender discrimination and sexual harassment provisions of the New York State Human Rights Law, Executive Law Sections 290 *et seq.* ("NYSHRL"); and (iii) any other claim(s) that can be inferred from the facts set forth herein.

2.    Specifically, Plaintiff brings this action to seek redress for Defendant's egregious and relentless gender discrimination, in the form of a hostile work environment based on sexual harassment and/or her gender in general, which one of Defendant's partners, Dr. Michael Fracchia, M.D. ("Dr. Fracchia"), created for her.

1

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.      On September 10, 2014, Plaintiff filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC"), EEOC Charge No. 520-2014-03499, for Defendant's violations of Title VII in connection with Plaintiff's claims of sex-based discrimination.

4.      On June 10, 2015, the EEOC issued Plaintiff a "Notice of Right to Sue," which was received on June 12, 2015.  Plaintiff has timely filed her complaint to assert violations of Title VII within ninety days of receiving that letter.

## JURISDICTION AND VENUE

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

6.      Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides within this judicial district, and 28 U.S.C. § 1391(b)(2) as all actions comprising the claims for relief occurred within this judicial district.

## PARTIES

7.      At all relevant times herein, Plaintiff is and was a resident of the State of New York, County of Suffolk, and is a "person" and an "employee" entitled to protection as defined by Title VII and the NYSHRL.

8.      At all relevant times herein, Defendant was and is a domestic registered limited liability partnership with a principal executive office located at 635 Belle Terre Road, Port Jefferson, New York 11777.  Defendant operates at least three medical offices in Suffolk County that offer an array of orthopedic and rehabilitation services.

2

9.     At all relevant times herein, Defendant is and was an "employer" within the meaning of Title VII and the NYSHRL as it "employs" at least fifteen and thus four or more "employees."

10.     Given the sheer volume of instances of sexual harassment to which the Defendant subjected Plaintiff, as well as the fact that this harassment occurred on a regular basis throughout Plaintiff's employment with the Defendant, it is not possible to put exact dates to each and every occurrence.  Many of the instances detailed below took place within three years of the date of filing the Complaint making them timely under the NYSHRL, while many of them also took place within 300 days of Plaintiff having filed a Charge against the Defendant with the EEOC, making them timely under Title VII, all as described below.  Where possible, Plaintiff provides specific dates or months for particular occurrences.

<h3 align="center">BACKGROUND FACTS</h3>

11.     Plaintiff began her employment with Defendant as a billing clerk in its Port Jefferson, New York office on January 22, 2007.  She worked there until her termination on April 10, 2014.

12.     Dr. Fracchia is the managing partner for Defendant and is one of six partners.  He is responsible for managing Defendant's billing department, making personnel decisions for the practice, and is also a practicing physician.

13.     At all times relevant to this suit, Dr. Fracchia was either Plaintiff's second-level supervisor, or during times that Defendant did not employ a billing manager, was her direct supervisor.  Regardless, he periodically interacted with Plaintiff.

14.     Dr. Fracchia caused Plaintiff to suffer a hostile work environment beginning as early as 2010 when he began to publically reprimand her. Indeed, Dr. Fracchia verbally berated Plaintiff, often in front of numerous witnesses, on dozens of occasions throughout her employment and until her termination. Dr. Fracchia did not criticize male employees in a similar manner.

15.     For instance, on or about September 21, 2011, Dr. Fracchia yelled at Plaintiff in front of the staff regarding her worker's compensation billing volume, chastising her about the amount of the outstanding bills on the accounts receivable report. That same day, regarding Yankees tickets he gave to Plaintiff, Dr. Fracchia left a message on Plaintiff's cell phone stating: "Yes, it is my job to embarrass you, by the way. But enjoy the game and put your Yankee underwear on, cause all you will be doing is looking at [Derek] Jeter's ass anyway." He did not speak to men this way.

16.     On or about October 18, 2011, Dr. Fracchia stated to Scott Goldhammer, a then-employee of the practice, in front of Plaintiff, that he was going to put a "shock collar" on Plaintiff. He never made similar comments towards males.

17.     On or about October 19, 2011, Dr. Fracchia kicked Plaintiff in the buttocks in front of two staff members. He never did this to males.

18.     Either that day or the next, Dr. Fracchia grabbed Plaintiff's mid-section and stated that his touch was: "just high enough where I can't get in trouble." Plaintiff was appalled by this contact. Dr. Fracchia did not touch males in this manner.

19.     On or about October 20, 2011, Dr. Fracchia told Plaintiff that he should put a ball and chain on her. He did not speak to men this way.

20.     On numerous occasions throughout her employment, Dr. Fracchia would taunt Plaintiff after yelling at her, saying: "don't walk away and cry now." He did not say such things to men.

21.     Dr. Fracchia continued to treat Plaintiff in this manner throughout her employment until her termination.

22.     For example, in or about Fall 2013, while Plaintiff was standing behind Dr. Fracchia, who was seated at a computer, Dr. Fracchia grabbed Plaintiff's hand and placed it on his shoulder, attempting to force her to massage his body.

23.     Moreover, Dr. Fracchia often flirted with young female employees in front of Plaintiff. For example, in or about 2013, Dr. Fracchia repeatedly implored young female employees to walk on his back on the office floor, forcing Plaintiff and other employees to witness this conduct. This made Plaintiff uncomfortable. Dr. Fracchia did not engage in this sort of behavior with men.

24.     On April 3, 2014, Dr. Fracchia attempted to reach the billing manager, Allison Abrusci, through his intercom. When Plaintiff answered instead of Ms. Abrusci, who was off that day, and asked, "can I help you with something?," Dr. Fracchia replied: "If I told you what you could help me with I would be in handcuffs." Disgusted by this comment, Plaintiff hung up the phone. He did not speak to men that way.

25.     On April 10, 2014, Defendant terminated Plaintiff's employment.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
### *Gender Discrimination and Harassment in Violation of Title VII*

26.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

27.     Defendant discriminated against Plaintiff on the basis of her sex, in violation of Title VII, by subjecting her to a hostile work environment that was severe or pervasive that included unwelcome and offensive sexual remarks and contact.

28.     Defendant has discriminated against Plaintiff on the basis of her gender, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her gender.

29.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer emotional distress, pain and suffering, for which she is entitled to an award of monetary damages and other relief.

30.     Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### *Gender Discrimination and Harassment in Violation of the NYSHRL*

31.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32.     Defendant discriminated against Plaintiff on the basis of her sex, in violation of the NYSHRL, by subjecting her to a hostile work environment that was severe or pervasive that included unwelcome and offensive sexual remarks and contact.

33.     Defendant discriminated against Plaintiff on the basis of her sex, in violation of the NYSHRL, by creating, fostering, condoning, accepting, ratifying and/or otherwise negligently failing to prevent or to remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her gender.

34.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, emotional distress, pain and suffering, for which she is entitled to an award of monetary damages and other relief.

## DEMAND FOR A JURY TRIAL

35.     Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, demands judgment against Defendant as follows:

A.     Declare that the actions, conduct and practices of the Defendant complained of herein violate the laws of the United States and the State of New York;

B.     Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C.     An order restraining Defendant from any retaliation against Plaintiff for filing this litigation;

D.     Granting Plaintiff the damages that she has sustained as a result of the Defendant's discriminatory conduct, including but not limited to an award of damages to be determined at trial to compensate Plaintiff for emotional distress and/or mental anguish in connection with her claims;

E.     Granting an award of punitive damages, to the extent permitted by law, commensurate with the Defendant's ability to pay;

F.      Granting an award of reasonable costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

G.      Granting an award of pre-judgment and post-judgment interest, as provided by law; and

H.      Granting such other and further relief as this Court deems necessary and proper.

Dated: Great Neck, New York
        September 9, 2015

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248 - 5550
Fax. (516) 248 - 6027

By:     DAVID D. BARNHORN, ESQ. (DB 9685)
        ALEXANDER T. COLEMAN, ESQ. (AC 8151)
        MICHAEL J. BORRELLI, ESQ. (MB 8533)